## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JOHN BOHEN and ABDALLAH NASSER, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:23-cv-01298 |
| v. | ) ) | |
| CONAGRA BRANDS, INC., | ) ) | |
| Defendant. | ) ) | |

---

### CONAGRA BRANDS, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

---

Tobin J. Taylor (Bar #6238227)
Andrew J. Roth (Bar #6279716)
Laura Lee Buecker (Bar #6326647)
HEYL ROYSTER VOELKER & ALLEN, P.C.
33 N. Dearborn Street
7th Floor
Chicago, IL 60602
(312) 853-8700
ttaylor@heylroyster.com
aroth@heylroyster.com
lbuecker@heylroyster.com

Angela M. Spivey (*pro hac vice*)
Andrew G. Phillips (*pro hac vice*)
Alan F. Pryor (*pro hac vice*)
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)
angela.spivey@alston.com
andrew.phillips@alston.com
alan.pryor@alston.com

*Attorneys for Conagra Brands, Inc.*

## INTRODUCTION

The unambiguous text of the Virginia Consumer Protection Act (VCPA) only provides for "[i]ndividual action[s] for damages." Va. Code Ann § 59.1-204(A). As this Court observed: "Under the Rules Enabling Act, federal courts cannot use federal rules to 'abridge, enlarge, or modify' any state's definition of its own substantive rights and remedies." (Dkt. 48 at 23 (quoting 28 U.S.C. § 2072(b)). Allowing a class action to proceed under the VCPA would plainly "enlarge, or modify" Virginia's "definition of its own substantive rights and remedies." *See* 28 U.S.C. § 2072(b). Indeed, the limitation for recovery under the VCPA to only "individual action[s]" "is so intertwined with Virginia's intended "right or remedy" for consumer claims under the VCPA "that it functions to define the scope of the state-created right." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 423 (2010) (Stevens, J., concurring). That is because the "very statutory provision that authorizes a private right of action for a violation of the [V]CPA limits such claims to those brought" by an "individual." *Bearden v. Honeywell Int'l, Inc.*, No. 09-1035, 2010 U.S. Dist. LEXIS 83996, at *30 (M.D. Tenn. Aug. 16, 2010) (finding similar statutory language did not permit class actions under Tennessee's consumer protection act (TCPA)); Va. Code Ann. § 59.1-204(A). Accordingly, Plaintiffs' VCPA Class Claim must be dismissed.

## ARGUMENT

I.    **The VCPA's Limitation to "Individual Action[s] for Damages" Is a Substantive Rule.**

    A. **Proper Analysis under *Shady Grove* Demonstrates the VCPA's Limitation Is Substantive.**

In *Shady Grove Orthopedic Associates*, the U.S. Supreme Court examined New York civil procedure statute N.Y. C.P.L.R. § 901—which prohibits class actions in suits seeking penalties or statutory minimum damages—to determine whether the New York statute

"precludes a federal district court sitting in diversity from entertaining a class action under Federal Rule of Civil Procedure 23." 559 U.S. 393 at 398. Writing for a majority of the Court, Justice Scalia explained that Rule 23 "creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action." *Id.* Justice Scalia explained that the New York statute and Rule 23 "flatly contradict each other" and that the conflicting state statute could only apply in a diversity suit if "Rule 23 is ultra vires." *Id.* at 399, 405. But in explaining how to apply the holding to the New York statute at issue, Justice Scalia wrote only for himself and three other Justices in concluding that Rule 23 would apply regardless of the "substantive purpose" of a state statute. *Id.* at 409. Justice Stevens refused to join that portion of Justice Scalia's opinion, instead penning a narrow concurrence in the judgment, which controls here. (Dkt. 48 at 23, n.5).

Justice Stevens's concurrence explains that the Rules Enabling Act instructs that "federal rules cannot 'abridge, enlarge or modify any substantive right.'" *Shady Grove*, 559 U.S. at 418 (Stevens, J., concurring) (quoting 28 U.S.C. § 2072(b)). That means that "federal rules cannot displace a State's definition of its own rights or remedies." *Id*. Justice Stevens explained that the analysis "turns on whether the state law actually is part of a State's framework of substantive rights or remedies." *Id.* at 419. And he concluded that a state procedural rule "may exist to influence substantive outcomes . . . and may in some instances become so bound up with the state-created right or remedy that it defines the scope of that substantive right or remedy." *Id.* at 419-420. Justice Stevens continued, explaining that "[w]hen a State chooses to use a traditionally procedural vehicle as a means of defining the scope of substantive rights or remedies, federal courts must recognize and respect that choice." *Id.* at 420. Justice Stevens concluded that a federal rule "cannot govern a particular case in which the rule would displace a state law that is

procedural in the ordinary use of the term but is so intertwined with a state right or remedy that it functions to define the scope of the state-created right." *Id.* at 423.

The VCPA is such a statute. Without Section 59.1-204, there would be no private right of action under the VCPA. Intertwined within the VCPA's right to relief is the limitation that private actions may only be brought by "individual[s]." VA. CODE. ANN. § 59.1-204. While the generally-applicable New York civil procedure statute at issue in *Shady Grove* did not reflect a "judgment about the scope of state-created rights and remedies," (559 U.S. at 432), the same cannot be said about the VCPA. Proper analysis under *Shady Grove* leaves no alternative conclusion: The VCPA's limitation to recovery for only "individual action[s]" defines the "scope of substantive rights or remedies" available under the act, which must be "recognize[d] and respect[ed]" by federal courts. 559 U.S. at 420.

Numerous other courts have applied Justice Steven's approach in *Shady Grove* to find that a class-action limitation contained within a state's consumer protection act (like the Virginia provision at issue here) is "so intertwined with that statute's rights and remedies that it functions to define the scope of the substantive rights." *See, e.g.*, *Bearden v. Honeywell Int'l, Inc.*, No. 09-1035, 2010 U.S. Dist. LEXIS 83996 at *30 (Aug. 16, 2010); *see also Delgado v. Ocwen Loan Serv., LLC*, No. 13-CV-4427, 2017 WL 5201079, at *19 (E.D.N.Y. Nov. 8, 2017). Specifically including class action limitations within states' consumer protection statutes "differentiates them from the 'pan-statutory' bar in *Shady Grove* and demonstrates that they incorporate a substantive policy choice." *Delgado*, 2017 WL 5201079, at *19. Indeed, the court in *Delgado* explained that the inclusion of a class action limitation within the states' consumer protection statute "evinces a desire by the state legislature to limit not only the form of the action but also the remedies available, placing those bars squarely within Justice Stevens' concurrence." *Id.*

**B.  The VCPA's Plain Language Limits Recovery to "Individual Action[s]."**

The text of the VCPA is unambiguous in limiting consumers' recovery for violations to "individual action[s] for damages." VA. CODE ANN. § 59.1-204. As the Virginia Supreme Court explained, "[u]nder basic rules of statutory construction, we consider the language of these statutes to determine the General Assembly's intent from the words contained therein, unless a literal construction would yield an absurd result." *Mozley v. Prestwould Bd. of Dirs.*, 264 Va. 549, 554 (2002). Here, the literal construction does not yield an "absurd result," rather it places the appropriate limitations on recovery under the VCPA that the Virginia General Assembly intended upon drafting. Indeed, "when the General Assembly has used words of a plain and definite import, courts cannot assign to them a construction that would be tantamount to holding that the General Assembly intended something other than that which it actually expressed." *Id.* Here, a finding that the VCPA's limitation on rights for recovery to only "individually action[s] for damages" is a procedural, rather than a substantive rule "would be tantamount to holding that the General Assembly" meant absolutely nothing by limiting its substantive remedial provision of the VCPA to "individual action[s]." *See id.* Such a conclusion cannot be squared with Justice Steven's concurrence in *Shady Grove* or the Rules Enabling Act.

"In Virginia, violation of a statute generally will not create a private cause of action for those injured as a result of the violation." *Breach of statutory duty*, VA. PRAC. PRODS. LIAB. §6:6. Indeed, the "Attorney General bears the primary burden of litigation for VCPA claims" in Virginia. *Commonwealth ex rel. Herring v. Net Credit Fin. Sols. Utah, LLC*, 102 Va. Cir. 114, 116 (Cir. Ct. 2019), *aff'd*, 299 Va. 452 (2021). But in addition to actions by the Attorney General, the Virginia General Assembly intended to permit "individual action[s] for damages" to be brought separately by "[a]ny ***person*** who suffers loss as the result of a violation of" the

VCPA. VA. CODE ANN. § 59.1-204(A) (emphasis added). The limitation to an individual action is not only prominently a part of the title of the section—it is carried throughout the chapter, including when referencing the separate tolling limitation for "any *individual action* pursuant to §59.1-204." *See* VA. CODE. ANN. § 59.1-204.1 (emphasis added). At bottom, without section 59.1-204, consumers would not be able to pursue any right to relief for violations of the VCPA; rather, they would be beholden to the Attorney General to pursue claims on their behalf. But through section 59.1-204, they are granted that substantive right to pursue relief, however, such relief is limited and constrained only to "individual action[s] for damages." VA. CODE ANN. § 59.1-204. That means class action claims *may not* proceed under the VCPA.

### C. Analysis of Similar Statutory Provisions Confirms the VCPA Limitation Is Substantive.

Courts in other jurisdictions have analyzed similarly-worded statutes to conclude that a class action limitation contained within the text of a consumer protection act "is so intertwined with that statute's rights and remedies that it functions to define the scope of the substantive rights." *Bearden*, 2010 U.S. Dist. LEXIS 83996, at *30 (analyzing TCPA). In *Bearden*, the Middle District of Tennessee analyzed the TCPA—which "provides that "[a]ny person who suffers an ascertainable loss … as a result of … an unfair or deceptive act or practice declared to be unlawful by this part, may bring an action *individually* to recover actual damages"—and concluded that "[u]nlike in *Shady Grove*, the limitation here is contained in the substantive statute itself, not in a separate procedural rule." *Id.* at *24, *29 (quoting TENN. CODE ANN. § 47-18-109(a)(1)) (emphasis added).

The Tennessee Supreme Court also analyzed the TCPA and found its language to be "unambiguous." *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 309 (Tenn. 2008). Explaining that the TCPA did not permit class actions, the Tennessee Supreme Court

pointed out that the TCPA allows only "an action *individually* to recover actual damages" and that "[r]eview of multiple dictionaries supports the interpretation that the word 'individual' refers to a single person instead of a class or group of people." *Id.* (quoting TENN. CODE ANN. § 47-18-109(a)(1)).

Numerous other courts have also looked at analogous state statutes that contain class action limitations and concluded that those limitations are substantive as opposed to procedural rules. *See, e.g.*, *McKinney v. Bayer Corp.*, 744 F. Supp. 2d 733, 748-49 (N.D. Ohio 2010) (explaining that Ohio's consumer protection act's class action limitation is substantive because "application of Rule 23 would 'abridge, enlarge, or modify' Ohio's rights and remedies" under the statute); *Fejzulai v. Sam's W., Inc.*, 205 F. Supp. 3d 723, 729 (D.S.C. 2016) (explaining that the South Carolina legislature limited recovery under the state's consumer protection act to only an "individual right of action" and that to "interpret Rule 23, a purely procedural directive, as permissive of class claims under SCUTPA would be to modify by fiat the substantive right of action defined in section 39–5–140(a)"). The court in *Fejzulai* explained that allowing class claims under South Carolina's consumer protection act would "be an *alteration* of the underlying right" provided by the statute. *Id.* ("With due respect to courts that have concluded otherwise when presented with similar problems of analysis, the undersigned believes that this putative *enlargement* and/or *modification* of the underlying state-legislature-created right is precisely what the Rules Enabling Act is designed to prevent.") (citing 28 U.S.C. § 2072(b)).

Further supporting the conclusion that the VCPA's class action limitation is a substantive rule, numerous states' consumer protection statutes stay silent on the issue of individual versus class action recovery. *See, e.g.*, 815 ILCS 510/2 (referring to an action by "a plaintiff"). Other states' statutes specifically call out that the statute is not intended to limit class actions. *See, e.g.*,

CAL. CIV. CODE § 1752 (noting that "[n]othing in this title shall limit any other statutory or any common law rights of the Attorney General or any other person to bring class actions"). This further supports the understanding that the Virginia General Assembly intended the limitation of the VCPA to "individual action[s] for damages" to be "so intertwined with that statute's rights and remedies that it functions to define the scope of the substantive rights." *See Bearden*, 2010 U.S. Dist. LEXIS 83996, at *30; *see also Walker*, 249 S.W.3d at 310 (explaining that "[a]s a point of contrast," "several other states' consumer protection legislation specifically authorize class actions"). Virginia's substantive limitation should not be "enlarge[d] or modif[ied]" by federal procedural law. *See* 28 U.S.C. § 2072(b).

D. **District Courts that have Permitted Class Actions Under the VCPA Failed to Conduct a *Shady Grove* Analysis or Improperly Relied on Virginia's General Rule to Not Recognize Class Actions.**

As this Court pointed out, several district courts have allowed class actions to proceed under the VCPA. (Dkt. 48 at 23). But as the Court astutely observed, "the referenced cases all cite *In re Hardieplank Fiber Cement Siding Litigation*, where the court reasoned that the 'absence of a class action right under the VCPA is the 'default' position under Virginia law, rather than a provision of the VCPA itself.'" (*Id.* at 23-24 (quoting *Hardieplank*, MDL No. 2359, 2013 WL 3717743, at *17 (D. Minn. July 15, 2013))). If the VCPA merely "lacked" a class action mechanism, the court in *In re Hardieplank* would be correct to conclude that it was "a procedural matter, rather than a substantive law defining the types of rights and remedies available under the VCPA itself." 2013 WL 3717743, at *17. But the VCPA does not merely "lack" a class action mechanism; instead, it limits the statute's rights and remedies solely to "individual action[s] for damages." And as the Tennessee Supreme Court pointed out when interpreting the TCPA, "'individual' refers to a single person instead of a class or group of people." *Walker*, 249 S.W.3d at 309.

Rather than exploring the "VCPA's statutory text"—as this Court seeks to do (*see* Dkt. 48 at 23)—other district courts that allowed class actions to proceed under the VCPA focused on the fact that "Virginia's class action ban is not part of the VCPA, and applies outside the context of the VCPA," to conclude that the class action ban was "procedural rather than substantive, and is precluded by Rule 23." *See In re MyFord Touch Consumer Litig.*, No. 13-cv-03072-EMC, 2016 U.S. Dist. LEXIS 179487, at *79 (N.D. Cal. Sept. 14, 2016). But Virginia's general class action ban is separate and distinct from the VCPA's substantive limitation to only "individual action[s] for damages." *See Almeter v. Va. Dep't of Taxation*, 53 Va. Cir. 429, 429 n.1 (Va. Cir. Ct. 2000) ("Class actions are not generally allowed in Virginia"). Virginia's separate class action ban does not control here, and courts that have relied on Virginia's separate class action ban failed to conduct a proper *Shady Grove* analysis and did not properly explore the specific limitation of the VCPA to only "individual action[s]." Indeed, if the only thing to analyze were Virginia's separate ban on class actions, the reasoning of courts like *In re MyFord Touch Consumer Litigation*, would prevail. But that is simply not the case. The text of the VCPA separately limits the substantive right to relief for consumers only to "individual action[s]." VA. CODE ANN. § 59.1-204. *See Walker*, 249 S.W.3d at 310 ("Class actions are still prohibited because they are not actions brought 'individually.'").

Finally, while the text of the VCPA does not explicitly "ban" class actions, the substantive statutory right to recovery that it creates is narrow, and it is limited only to "individual action[s]." As the Tennessee Supreme Court explained, the absence of an explicit class action ban "does not change the meaning of the word 'individual[.]'" *Walker*, 249 S.W.3d at 310. Thus, the VCPA's limitation to only "individual action[s]" is a substantive, not a procedural, rule that limits the right for consumers to recover under that statute.

**CONCLUSION**

For the reasons explained above, *Shady Grove* and its progeny show that the limitation of the VCPA to only "individual action[s] for damages" is a substantive rule that may not be "enlarge[d] or modif[ied]" by federal law. Accordingly, Plaintiffs' class claim under the VCPA must fail.

Respectfully submitted this 8th day of April, 2024.

*/s/ Tobin J. Taylor*
Angela M. Spivey (*pro hac vice*)
Andrew G. Phillips (*pro hac vice*)
Alan F. Pryor (*pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone:  404-881-7000
Facsimile:  404-881-7777
angela.spivey@alston.com
drew.phillips@alston.com
alan.pryor@alston.com

Tobin J. Taylor (Bar #6238227)
Andrew J. Roth (Bar #6279716)
Laura Lee Bucker (Bar #6326647)
HEYL ROYSTER VOELKER & ALLEN, P.C.
33 N. Dearborn Street
7th Floor
Chicago, IL 60602
(312) 853-8700
ttaylor@heylroyster.com
aroth@heylroyster.com
lbucker@heylroyster.com

*Counsel for Defendant Conagra Brands, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed on April 8, 2024, with the Court and served electronically through the CM/ECF system to all counsel of record registered to receive a Notice of Electronic Filing for this case.

*/s/ Tobin J. Taylor*
Tobin J. Taylor

*Counsel for Defendant Conagra Brands, Inc.*